IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS S. MARSICO,

    Plaintiff(s),

  v.

THE UNUM GROUP a foreign corporation,
ETA L.

    Defendant(s).

07cv1482
**ELECTRONICALLY FILED**

## Memorandum Opinion and Order of Court

This is a breach of contract/statutory bad faith action. In plaintiff's complaint, he alleges, *inter alia*, that defendants, the Unum Group, UNUMProvident Corporation, Provident Life and Accident Insurance Company, and the Paul Revere Life Insurance Company (hereinafter referred to as "UNUM") breached a disability insurance policy, and engaged in statutory bad faith, when they denied his disability insurance claim. Plaintiff also alleges that defendant Stuart Burstein, M.D., who was retained by the UNUM defendants to perform an independent medical examination (IME), conspired with the UNUM defendants and/or committed malpractice by failing to exercise due care in conducting his examinations and preparing and submitting his report.

The UNUM Defendants removed this matter from the Court of Common Pleas of Allegheny County, Pennsylvania on October 31, 2007, based upon federal question jurisdiction, as well as diversity jurisdiction, under 28 U.S.C. §§ 1331-1332, respectively. Currently pending before this Court is the motion to dismiss by defendant Stewart Burstein, M.D. pursuant to Fed. R. Civ. P. 12(b)(6) (doc. no. 7). However, at the outset, the Court must satisfy itself that subject

matter jurisdiction exists.

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *E.g., American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co*, 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted); *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir. 1974). All doubts as to substantive and procedural jurisdictional prerequisites must be resolved in favor of remand. *E.g., Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal is strictly a statutory right and the statutory procedures to effect removal must be followed precisely. *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985). Removability is to be determined "only by reference to the plaintiff's initial pleadings," *Swope,* 816 F. Supp. at 323 (citations omitted), at the time of filing the petition for removal. *Abels,* 770 F.2d at 29.

Where the basis for removal is diversity of citizenship under 28 U.S.C. § 1332, "the congressional intent to restrict federal diversity jurisdiction [must be] honored." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *citing, inter alia, Nelson v. Keefer*, 451 F.2d 289, 293-95 (3d Cir.1971) (federal judiciary has been "too timid" in eliminating the "plethora of cases which do not belong in federal courts.").

Although the lack of diversity of the parties' citizenship has not been raised by the parties, the Court has an ever present obligation to satisfy itself that subject matter jurisdiction is

2

present and to decide the issue *sua sponte* even if the parties do not raise the issue. *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995)(citations omitted). When an action is removed on the basis of diversity, the requisite diversity of citizenship and jurisdictional amount ordinarily must appear on the face of the complaint or the removal petition. *See Levy v. Weissman*, 671 F.2d 766, 767 (3d Cir. 1982).

      A.      **Alleged Federal Question Jurisdiction (ERISA)**

Although, in its notice of removal, the UNUM defendants allege that this case was removed because it arises under the terms of the Employee Retirement Income Security Act of 1947, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, and therefore, involves a federal question, this Court's review of the facts alleged in the complaint and the insurance policy at issue do not bring this case within the ambit of federal question jurisdiction.

ERISA provides that an employee benefit plan is one which is established or maintained by an employer, an employer group, or both. 29 U.S.C. § 1002(1)-(3). Where an employer has no role in the establishment or maintenance of an insurance plan, and the plan is purchased by an employee, then the insurance plan is not an employee benefit plan covered by ERISA. *See Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir. 1982). To determine whether a plan, fund, or programs exists, the Court should look to the surrounding circumstances to determine whether a reasonable person would ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. *Dillingham*, at 1373. This is known as the *Dillingham* standard and has been acknowledged by the United States Court of Appeals for the Third Circuit. *See United States v. Cusumano*, 943 F.2d 305, 309 (3d Cir. 1991), *cert. denied,* 502 U.S. 1036 (1992); *see also, Henglein v. Informal Plan for Plant Shutdown Benefits for*

*Salaried Employees*, 974 F.2d 391, 399-400 (3d Cir. 1992).

A fair reading of the complaint in this case indicates that plaintiff purchased these disability policies individually and personally, and "were not benefits provided by or connected with his employment." (Doc. No. 1-2 Complaint, at ¶¶ 14, 16 and 18). Contrary to defendants' contention in its notice of removal that the policy was purchased by Marsico's employer, the Marsico Corporation, the actual policies do not name Marsico Corporation as a party to the contract. Rather, plaintiff, Louis Marsico is the named "insured." Doc. No. 1-5. Accordingly, in light of the above standards, the initial pleadings do not support a claim of jurisdiction based upon a federal question.

### B. Alleged Diversity Jurisdiction

Defendants alternatively removed this case on the basis of diversity jurisdiction. However, on the face of the complaint, it appears that defendant Burstein, like plaintiff, resides in Pennsylvania, and therefore, his presence as a party to this action (unless fraudulently joined) would defeat diversity of citizenship. (Doc. No. 1-2, ¶ 6). Although defendant Burstein now brings a motion to dismiss under Rule 12(b)(6) (doc. no. 7), the Court has reviewed plaintiff's complaint, and from a fair reading of the complaint, it appears that plaintiff has set forth, in good faith, reasonable bases in fact and colorable claims against Dr. Burstein, and that Dr. Burstein has not been fraudulently joined in an effort to defeat diversity of citizenship.[1] Thus, complete diversity jurisdiction does not exist.

---

[1] Because this Court finds that it does not have subject matter jurisdiction, the Court will not rule on the pending motion to dismiss (doc. no. 7).

Accordingly, for all these reasons, the Court finds that there is neither federal question jurisdiction, nor diversity jurisdiction; and therefore, it is hereby ordered that this case be DISMISSED for lack of jurisdiction and that this case be remanded FORTHWITH to the Court of Common Pleas of Allegheny County, Pennsylvania. The Clerk shall mark the docket closed.

SO ORDERED this 28th day of November, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties